IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KRYSTAL BELL**, as personal representative of
**JACOB ADAM MITSCHELEN**, deceased,

    **Plaintiff,**

v.     No.    11cv907 ___-___

**BYRON "TREY" ECONOMIDY III,**
in his individual capacity, and
**CITY OF ALBUQUERQUE**,

    **Defendants.**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND DAMAGES

Plaintiff Krystal Bell, as personal representative of Jacob Adam Mitschelen, deceased, through counsel of record, Kennedy & Han, P.C., brings this complaint for violation of Mr. Mitschelen's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and for torts under the New Mexico Tort Claims Act and state common law. Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims. Venue is proper in this district, as Defendants are New Mexico residents. All of the acts complained of occurred in New Mexico. Plaintiffs' causes of action arose in New Mexico.

### PARTIES

2. Plaintiff is an individual resident of Bernalillo County, New Mexico, acting as the personal representative of Jacob Adam Mitschelen for purposes of this wrongful-death action. Mr. Mitschelen was a resident of Bernalillo County, New Mexico at the time of his death. Plaintiff is filing a motion to confirm her appointment as personal representative for purposes of this action concurrently with the filing of this complaint.

3. Defendant Byron "Trey" Economidy III is an individual resident of Bernalillo County, New Mexico. At all times relevant to this Complaint, Defendant Economidy was acting under color of state law within the scope of his employment as a law enforcement officer of the City of Albuquerque. Defendant Economidy is sued in his individual capacity.

4. Defendant City of Albuquerque is a governmental entity located in Bernalillo County, New Mexico that employed and was charged with exercising direct supervisory control over Defendant Economidy during the time period relevant to this Complaint.

## FACTUAL BASIS

5. While working as a member of the Gang Unit of Defendant City of Albuquerque's Police Department at about 8:00 p.m on Wednesday, February 9, 2011, Defendant Economidy stopped a vehicle in the parking lot of a shopping center near the intersection of San Pedro Drive and Kathryn Avenue in Albuquerque, New Mexico.

6. Mr. Mitschelen exited the vehicle, traveled a short distance, then fell to the ground.

7. After Mr. Mitschelen's fall, Defendant Economidy shot him in the back with a .45 caliber handgun that Defendant Economidy was not qualified to use.

8. As a result of the gunshot wounds inflicted by Defendant Economidy, Mr. Mitschelen suffered injuries and died a short time later.

9. Defendant Economidy was not injured during the incident described above.

10. At the time of the shooting, Defendant Economidy listed his occupation on his Facebook page as "human waste disposal."

## COUNT I:
## DEFENDANT ECONOMIDY'S EXCESSIVE USE OF FORCE
## IN VIOLATION OF MR. MITSCHELEN'S
## FOURTH AND FOURTEENTH AMENDMENT RIGHTS

11. Plaintiff incorporates all of the preceding paragraphs as though fully set forth

herein.

12.     Defendant Economidy used deadly physical force during his seizure of Mr. Mitschelen on or about February 9, 2011, including but not limited to inflicting fatal gunshot wounds.

13.     Defendant Economidy's use of deadly force was excessive, objectively unreasonable, and unnecessary to effect the seizure of Mr. Mitschelen, and such the use of such excessive force did not serve any legitimate law-enforcement objective under the circumstances.

14.     Defendant Economidy's actions were intentional, willful, wanton, obdurate, and in gross and reckless disregard of Mr. Mitschelen's rights, as evinced by Defendant Economidy's statement describing his occupation as "human waste disposal."

15.     Defendant Economidy's use of excessive force proximately caused Mr. Mitschelen's damages and injuries, including his wrongful death, as described above.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendant Economidy, together with all costs and attorneys fees.

### COUNT II: STATE TORT CLAIM FOR WRONGFUL DEATH BY BATTERY AGAINST DEFENDANT ECONOMIDY

16.     Plaintiff incorporates all of the preceding paragraphs as though fully set forth herein.

17.     While acting within the scope of his duties as a law enforcement officer, Defendant Economidy inflicted a battery which caused the wrongful death of Mr. Mitschelen.

18.     As evinced by his self-described occupation as a "human waste disposal," Defendant Economidy acted with the unlawful intention to apply excessive force to, and cause harmful and offensive contact with, the person of Mr. Mitschelen, and such excessive, harmful, and offensive contact resulted from Defendant Economidy's actions.

19.     Such excessive force and harmful and offensive contact caused the wrongful

death of Mr. Mitschelen.

WHEREFORE, Plaintiff requests compensatory damages against Defendant Economidy for the wrongful death of Mr. Mitschelen, together with all costs.

## COUNT III:
## STATE TORT CLAIM FOR WRONGFUL DEATH
## BY NEGLIGENCE AGAINST DEFENDANT ECONOMIDY

20.     Plaintiff incorporates all of the preceding paragraphs as though fully set forth herein.

21.     While acting within the scope of his duties as a law enforcement officer, Defendant Economidy negligently operated machinery and equipment, including a .45 caliber handgun that he was not qualified to use.

22.     Defendant Economidy's negligence as described above was a proximate cause of the wrongful death of Mr. Mitschelen.

WHEREFORE, Plaintiff requests compensatory damages against Defendant Economidy for the wrongful death of Mr. Mitschelen, together with all costs.

## COUNT IV:
## STATE TORT CLAIMS FOR WRONGFUL DEATH
## AGAINST DEFENDANT CITY OF ALBUQUERQUE

23.     Plaintiff incorporates all of the preceding paragraphs as though fully set forth herein.

24.     Defendant City of Albuquerque, acting through officials of the Albuquerque Police Department, had a duty to members of the public at large, and to Mr. Mitschelen in this case, to exercise reasonable care in hiring, retaining, training, and exercising supervisory control over its police officers, including Defendant Economidy, so as not to cause the commission any of the torts, statutory violations, or constitutional violations enumerated in Sections 41-4-6 and 41-4-12 of the New Mexico Tort Claims Act.

25.     Defendant City of Albuquerque breached its duties as described above, thereby

causing Defendant Economidy to commit one or more of the torts, statutory violations, or constitutional violations enumerated in Sections 41-4-6 and 41-4-12 of the New Mexico Tort Claims Act, including but not limited to battery, negligent operation of machinery or equipment, and the use of excessive force.

26. Defendant City of Albuquerque's breach of its duties as described above proximately caused the wrongful death of Mr. Mitschelen.

27. In addition, Defendant City of Albuquerque is vicariously liable for the state-law torts committed by its employees, including Defendant Economidy, under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff requests compensatory damages against Defendant City of Albuquerque, together with all costs.

## JURY TRIAL DEMAND

28. Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**KENNEDY & HAN, P.C.**

/s/ Paul J. Kennedy
PAUL J. KENNEDY
DARIN M. FOSTER
ARNE R. LEONARD
NICOLE W. MOSS
Attorneys for Plaintiffs
201 12th Street N.W.
Albuquerque, New Mexico 87102
(505) 842-8662