# KENNEDY & HAN, P.C.
*Attorneys at Law*

Paul J. Kennedy
Mary Y. C. Han (d)
Darin M. Foster
Arne R. Leonard
Nicole W. Moss

May 29, 2012

VIA EMAIL AND FIRST-CLASS MAIL

Kathryn Levy
Deputy City Attorney
P.O. Box 2248
Albuquerque, NM 87103
Fax: (505) 768-4525

      RE: *Bell v. Economidy*, No. 11cv907 JH/ACT

Dear Kathy:

      Plaintiff anticipates the need to file a motion to compel in order to overcome your objections to producing additional information in response to Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Byron "Trey" Economidy III. Please consider this letter our attempt to confer and compromise in good faith in order to obtain the requested information without a filing such a motion.

I.      **Internal Affairs/Personnel Files (Interrogatory No. 2, RFP No. 1 and 2)**

      You have stated a blanket objection to providing any information about Defendant Economidy's personnel files or records of disciplinary actions on the grounds that such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. You also state a blanket objection that Plaintiff's discovery requests for this information are not limited by date and violate your client's right to privacy.

      Such boilerplate, generic objections will not suffice to withstand a motion to compel. See *DL v. District of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008). Moreover, a party responding to an interrogatory or request for production that is objectionable in part nevertheless "has a duty to answer 'to the extent the interrogatory is not objectionable.'" *Hiskette v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998) (quoting Fed. R. Civ. P. 33(b)); *accord Brenford Envt'l System, L.P. v. Pipeliners of Puerto Rico, Inc.*, 269 F.R.D. 143, 146-47 (D. Puerto Rico 2010) (citing Fed. R. Civ. P. 34(b)(2)(C)).

      For purposes of resolving your objections as to a date limitation, Plaintiff will offer to limit the scope of Interrogatory No. 2 and RFP No.s 1 and 2 to records from the date of Defendant Economidy's initial application with the City to the present, including all records

Letter to Kathryn Levy
May 29, 2012
Page 2

pertaining to the hiring process. For purposes of resolving objections grounded in your assertion that Defendant Economidy has a legally protected privacy interest with respect to this information, we will also offer to limit further disclosure of his personnel files and internal-affairs records under the standard terms of a stipulated protective order like the ones we have used countless other times during discovery of APD personnel/internal affairs files.

As you know, courts have found personnel files and internal-affairs investigations regarding officers involved in a shooting to be a relevant topic for discovery in a civil action alleging state tort claims and federal civil-rights violations. *See, e.g., Wharton v. City of Albuquerque*, No. D202CV201006590 (2nd Jud. Dist. Ct. Confidentiality Order entered Dec. 13, 2010). In this case, the requested information is relevant and material under Fed. R. Civ. P. 26(b)(1) in light of published reports that Defendant Economidy posted offensive remarks on his Facebook page which could support the inference that he acted with a malicious intent at the time of the shooting, and which also appear to have been used as grounds for disciplining him. Similarly, the requested information is relevant for impeachment purposes because Defendant Economidy stated during the recorded interview with Detective Heyman on February 10, 2011, that he qualified with the Kimber handgun used in the shooting, when in fact he was not qualified with that weapon. Whether Defendant Economidy was negligently hired, trained, supervised, and qualified is also relevant to Plaintiff's state-law claims against the City. Plaintiff has made a *prima facie* case for exploring these issues further through a review of Defendant Economidy's personnel files and internal affairs records regarding any disciplinary actions taken against him during his employment with the City.

II.   **Defendant Economidy's Facebook Page and Social Media Postings (Interrogatory No. 4 and RFP No. 4):**

The same principles cited above also apply to Plaintiff's discovery requests directed at Defendant Economidy's Facebook page and other social-media postings. It has already been widely publicized that Defendant Economidy listed his occupation on his Facebook page as "human waste disposal." Such a posting is relevant and material to Plaintiff's claims in this case because it bears on Defendant Economidy's planning and intent for the shooting, as well as the credibility of his statements after the shooting.

You have not identified any legal authority that recognizes or protects an employee's privacy interest in job-related social-media postings. Nevertheless, in the interest of resolving this discovery dispute without further motion practice, we will offer to limit our discovery requests for Defendant Economidy's Facebook page and other social-media postings to those which date from July 1, 2009, until the implementation of the City's new social-media policy on or about June 30, 2011, and which comment on or relate to his employment with the City of Albuquerque (including but not limited to his self-described occupation of "human waste disposal") and/or subjects which are now prohibited by the City's current social media policy for law-enforcement officers.

You are welcome to contact us to discuss how we may best resolve your objections to our discovery requests in an expedient manner. We are willing to work with you with on scheduling

Letter to Kathryn Levy
May 29, 2012
Page 3

further discovery in this case, but we also must be mindful of the pretrial deadlines the Court has set in this case, as well as the 21-day deadline set forth in D.N.M. LR-Civ. 26.6. In order to comply with these deadlines, we will have to proceed with our motion to compel if we do not receive the requested information by the close of business on Friday, June 8, 2012.

Sincerely,

Arne R. Leonard